## No. 5301.

### Emile Tanneret vs. Merchants' Mutual Ins. Co.

Where the policy of insurance contains a stipulation that the underwriters will not be responsible for loss or damage by fire which shall be caused by any explosion, and a fire having been caused by an explosion, which being apparently subdued, a second and third fires occurred within forty-eight hours from the first, by the last of which the building was burned and destroyed, *held*, from all the evidence, that the third and last fire was not the immediate result of the explosion, but upon application for rehearing, the case was remanded to ascertain with greater certainty the cause of the last fire.

Appeal from the Fifth District Court of New Orleans. Cullom, J.

*Johnson & Denis* for Plaintiff and Appellee. *Semmes & Mott* and *A. Voorhies* for Defendant and Appellant.

This suit is upon a policy of insurance upon a sugar-house in Pointe Coupeé Parish in amount $20,000. The defendant pleads in bar of recovery a stipulation in the policy, that the underwriters shall not be responsible for any loss or damage by fire which shall be caused by any explosion, and alleges that the fire, and consequent

Tanneret *vs.* Merchants' Mutual Ins. Co.

loss, was the immediate result of an explosion of the boilers. The boilers were on the outside of the building abreast of the engine-room, and a few feet from its outer wall, on the east side. Fifty yards distant from that side of the building were piles of wood and heaps of bagasse. The principal force of the explosion was in a direction from the house, the boilers being hurled away from it, and the wood-piles and bagasse set on fire. The east wall was badly shattered, and the timbers about the boilers set on fire.

This explosion occurred early Friday morning. "All the witnesses, without a single exception, swear that all the fires, even those in the wood-pile and bagasse, were completely extinguished by or before 9 o'clock in the morning — that every pains were taken to examine carefully, and that there was not during the day of Friday any signs or indications of any fire about the building anywhere." This fire occasioned such little apprehension that none of the sugar and molasses was removed.

Between 8 and 11 o'clock Friday night, a second fire broke out in the engine-room, and burned the rear part of the building to within ten feet of the wall separating it from the purgery, when it was subdued, and entirely extinguished, except upon a small piece of window-frame in the second story which was inaccessible. That was the only particle of fire left smouldering. The owner, as a witness, says: "I cannot believe it was a continuous fire because the first and second fires were put out. I examined every part of the building after each succeeding fire, and I saw no further danger. The fire was so small at the window-frame, and so far from the remaining part, that I cannot see how it could possibly have communicated to the rest of the building. I did not see any danger from that direction." The testimony is silent as to the origin of this second fire.

About half-past four o'clock Sunday morning a third fire broke out on the west side of the purgery, about 50 feet in front of the wall separating it from the engine-room, and about 140 feet from the mouth of the furnace. This fire destroyed the sugar-house and its contents.

After reciting *in extenso* all the circumstances: —

SPENCER, J. We think it is proved to a moral certainty that this third and final fire could not have been the immediate result of the

explosion.　It is shown in the evidence that the negroes on the place had come to regard the sugar-house as haunted, and " unlucky." It is hard to see how the house could have taken fire where it did at that time, except from the hand of an incendiary.　We see no reason for disbelieving that the second fire had a similar origin to the third. In truth the apparent impossibility of the third fire resulting from the explosion as its proximate cause, strengthens our convictions that the second fire did not result from it.

The defendant invokes from Greenleaf on Evidence vol. 1, p. 41, the familiar rule that, " when the existence of a　*　　*　　*　　state of things is once established by proof, the law presumes that the　*　　*　　* state of things continues to exist as before till the contrary is shown, or till a different presumption is raised from the nature of the subject in question," and he argues that having shown that a fire existed on Friday morning in and about the sugar house, it is presumed to have continued until the contrary is shown.　This is true, but the contrary may be shown either by direct proof, or by presumptions drawn from the facts or even the probabilities of the case.　We think the plaintiff has overcome the legal presumption and has shown with reasonable certainty that the fire resulting from the explosion was not the proximate cause of the loss.　We have endeavored to weigh the evidence in this case carefully, and must say that it is strongly against the theory of the defence.

[The plaintiff had judgment below which was affirmed, and on application for rehearing : —]

EGAN, J.　In order to give to both parties an opportunity to furnish any additional evidence which may be in their power, and the existence of which may have come to light since the trial in the court below, and for the additional purpose of fixing with greater certainty the relative value of that part of the sugar-house, fixtures, machinery, etc., which was destroyed or damaged by the fire which we attribute to the explosion, and of that part which was destroyed by the last fire of Sunday morning, about which we hold our opinion in reserve, we have concluded to remand this cause.

It is therefore adjudged and decreed that the defendant is not liable for the loss or damage caused by the boiler explosion, and what are called the two first fires, which resulted directly from the

explosion, and that the cause is remanded for further inquiry and evidence as to the cause of the last fire, and to ascertain the actual and relative value of the damage caused by the two first fires, and by the last respectively.

The result of this inquiry is reported in Tanneret v. Ins. Co., 34 La. Ann. 249.